SMITH STEEL WORKERS, DALU 19806, AFL–CIO, Plaintiff-Appellee,

v.

A. O. SMITH CORPORATION, Defendant-Appellant.

No. 79–1223.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 8, 1979.

Decided July 31, 1980.

---

Before PELL, and BAUER, Circuit Judges, and DUMBAULD, Senior District Judge.*

PER CURIAM.

This matter is before the Court on the appeal of A. O. Smith Corporation (hereinafter "Company") from the order of the district court granting summary judgment in favor of Smith Steelworkers, DALU 19806, AFL–CIO (hereinafter "Union") on the Union's complaint to vacate the decision of the board of arbitration appointed to resolve a labor dispute between the parties. The district court held that the board of arbitration improperly deferred to a source extrinsic to the collective bargaining agreement in denying the grievances of two employees discharged for violating a Company rule governing employee conduct. The district court therefore vacated the arbitration award and remanded the cause for reconsideration before a different board of arbitration. We reverse.

I

The facts material to the disposition of this appeal are not in dispute. Employees Patrick Henry and Richard Kenyon were suspended and subsequently discharged by the Company for possession of alcoholic beverages on Company premises, and the Union filed grievances on behalf of these employees challenging that decision. The Union did not contest the fact that the employees had violated the Company rule prohibiting such conduct, but objected to the sanction of discharges as too severe. The parties were unable to resolve the dispute by resort to internal procedures and the grievances were ultimately submitted for arbitration.

The stipulated issue before the board was simply to determine the disposition of the grievances under the collective bargaining agreement in effect between the parties. The arbitrator noted the operative contractual provision of the 1974 collective bargaining agreement, Article VII, Cl. B, which refers to a loss of seniority to em-

Herbert P. Wiedemann, Milwaukee, Wis., for defendant-appellant.

Kenneth R. Loebel, Milwaukee, Wis., for plaintiff-appellee.

---

* The Honorable Edward Dumbauld, Senior Judge of the United States District Court for the Western District of Pennsylvania, is sitting by designation.

ployees discharged "for cause." The arbitrator also noted the other pertinent provision at issue, Rule 7 of the Company's *Rules and Regulations* governing employee conduct.[1] Rule 7 provides, *inter alia*, that it is contrary to Company policy for any employee to possess "alcoholic beverages on company premises." The *Rules and Regulations* do not contain a schedule of penalties to be invoked for infractions thereof, but merely state a general admonition that employees will be subject to disciplinary action for a violation. Finally, the arbitrator noted that where, as here, no agreement exists as to the appropriate penalties for a violation of the employee conduct rules, it is generally recognized that a challenge to the severity of the discipline imposed by the employer is made through the arbitration process.

Thus, as framed by the arbitrator, the issue before the board was whether the grievants' conduct constituted cause for discharge. The arbitrator answered this question in the affirmative and denied the grievances. In reaching this decision, the arbitrator relied on several factors which he regarded as dispositive of the intent of the parties. First, the record before the board disclosed a consistent Company practice of imposing the ultimate sanction of discharge for possession of alcoholic beverages. The one exception to this practice involved a technical violation which the arbitrator found distinguishable from the circumstances in these cases.

As a second factor, the arbitrator relied on a 1963 settlement agreement of a grievance involving a similar infraction of Rule 7. Although that agreement was by its terms non-binding on future cases, the arbitrator credited the preamble of that agreement as an indicia of the parties' intent. The preamble provided that it is "understood by all the parties concerned that the possession of alcoholic beverages by any employee is sufficient reason for discharge." The arbitrator also relied on a 1971 arbitration award involving the parties in which a prior settlement agreement similarly served to define the appropriate discipline for violating the conduct rules governing fighting on Company premises. In comparing the 1963 settlement agreement to the one involved in the 1971 arbitration award, the arbitrator observed that the sanction for possession of alcohol was discharge, whereas the sanction for fighting was discipline "up to and including discharge." Accordingly, the arbitrator concluded that the parties had agreed that the penalty for possession of alcoholic beverages was discharge from employment.

Finally, the arbitrator found support for his decision in the fact that one of the employees, Henry, had been advised during a meeting called by the Company shortly before the incident that employees would be discharged for violating the rule pertaining to the possession of alcoholic beverages. With regard to the other employee, Kenyon, the arbitrator found that he had not been similarly advised of the consequences, but noted that no claim had been asserted on his behalf that he was unaware of the rules.

The Union subsequently filed a complaint in the district court seeking to vacate the arbitration award on the grounds that the board exceeded its authority and that the award was arbitrary and capricious. In granting the Union's motion for summary judgment, the district court held that in relying on the 1963 grievance settlement agreement which purported to establish that possession of alcohol was grounds for immediate discharge, the board of arbitration "improperly deferred to a source extrinsic to the labor agreement instead of exercising its arbitral judgment in the manner agreed to by the parties." The Company appealed from that adverse decision to this Court.

## II

The principle that the integrity of the arbitral process should be carefully pre-

---

1. The *Rules and Regulations* were promulgated by the Company in 1963 and were posted in various locations within the plant. The *Rules and Regulations*, however, have not been incorporated into the successive collective bargaining agreements between the parties, nor has the Union otherwise formally subscribed to them.

served requires no citation. Accordingly, judicial scrutiny of an arbitration award is circumscribed by the admonition of the Supreme Court in the *Steelworkers* trilogy, which constrains such review to a determination of whether the award "draws its essence from the collective bargaining agreement." *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960). This Court has elaborated on the exercise of this limited function as follows:

> An arbitrator's award does "draw its essence from the collective bargaining agreement" so long as the interpretation can in some rational manner be derived from the agreement, "viewed in the light of its language, its context, and any other indicia of the parties' intention; only where there is a manifest disregard of the agreement, totally unsupported by principles of contract construction and the law of the shop, may a reviewing court disturb the award." Neither the correctness of the arbitrator's conclusion nor the propriety of his reasoning is relevant to a reviewing court, so long as his award complies with the aforementioned standards to be applied by the reviewing court in exercising its limited function.

*Amoco Oil Co. v. Oil, Chemical and Atomic Workers*, 548 F.2d 1288, 1294 (7th Cir.), *cert. denied*, 431 U.S. 905, 97 S.Ct. 1697, 52 L.Ed.2d 389 (1977) (citations omitted).

▮ Applying these principles to the case at bar, we are unpersuaded that the arbitrator's decision failed to draw its essence from the collective bargaining agreement or otherwise evinced a manifest disregard of that agreement. The district court held that in relying on the 1963 grievance settlement agreement, the board of arbitration failed to exercise "its arbitral judgment in the manner agreed to by the parties." However, the collective bargaining agreement does not preclude the board from deferring to extrinsic sources in determining the intent of the parties with respect to whether the grievants' conduct constituted cause for discharge. The collective bargaining agreement merely states that the board of arbitration "shall render a decision which shall be final and binding on the parties and which shall be within the scope and terms of this agreement."

▮ Moreover, in determining the intent of the parties, the arbitrator is entitled to employ the "law of the shop" and "principles of contract construction." *Amoco, supra* at 1294. Thus, in addition to deferring to the 1963 agreement as an indicia of the parties' intent, the arbitrator based his decision to deny the grievances on such factors as the Company's past practice of discharging employees for violations of Rule 7, the comparative analysis of the discipline imposed for possession of alcohol versus the discipline for fighting, and the fact that the grievants had been apprised of the consequences for violations of the conduct rules.

▮ Finally, we note that the district court itself credited certain extrinsic evidence as indicative of the view that the parties did not intend to be bound by the 1963 agreement. Although the district court's analysis of the evidence may be preferable to that of the board's, the parties did not bargain for the district court's interpretation and application of the collective bargaining agreement. It is the arbitrator's construction that was bargained for, and "so far as the arbitrator's decision concerns the construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his." *Enterprise Wheel, supra*, 363 U.S. at 599, 80 S.Ct. at 1362. Moreover, since too fastidious a review of the arbitrator's decision might discourage the salutary practice of giving reasons for an award, it is settled that a "mere ambiguity in the opinion accompanying an award, which permits the inference that the arbitrator may have exceeded his authority, is not a reason for refusing to enforce the award." *Id.* at 598, 80 S.Ct. at 1361.

We are therefore satisfied that the arbitrator's award can be derived in a rational manner from the collective bargaining agreement, viewed in the light of its lan-

guage, its context, and the indicia of the parties' intent cited by the arbitrator. Accordingly, the judgment appealed from is reversed and the cause is remanded with instructions to reinstate the arbitration award.

REVERSED AND REMANDED WITH INSTRUCTIONS.